ST. LOUIS UNION TRUST COMPANY, A Corporation, and William V. Curran, As Trustees Under a Certain Indenture of Trust of Gertrude Grove, Dated June 15, 1927, Plaintiffs-Respondents,

v.

James H. GROVE et al., Defendants,

James H. Grove and Gertrude Grove Bland, Defendants-Appellants.

No. 49472.

Supreme Court of Missouri,

Division No. 1.

Sept. 9, 1963.

Coburn, Croft & Cook, Richmond C. Coburn, Gerald M. Smith, St. Louis, for defendants-appellants.

Armstrong, Teasdale, Roos, Kramer & Vaughan, William H. Armstrong, William H. Webster, Edwin S. Baldwin, St. Louis, for respondents.

Paul Brackman, Clayton, guardian ad litem and as atty. for certain respondents Gertrude Bland Platt and Cynthia Bland Gerhard.

WESTHUES, Special Commissioner..

On June 15, 1927, Gertrude Grove, widow of Edwin W. Grove, executed an Indenture of Trust by which she conveyed her share of her husband's estate to trustees for purposes which we shall state later in this opinion. Her husband had died on January 27, 1927.

On June 29, 1957, the trustees, St. Louis Union Trust Company, a corporation, and William V. Curran, a successor trustee,. filed a declaratory judgment action seeking a determination of the rights of the beneficiaries of the trust and the duties, authority, and power of the trustees. The trial court entered a decree adverse to three of the defendants, James H. Grove, Edwin W. Grove III, and Gertrude Grove Bland,. all grandchildren of Gertrude Grove, maker of the trust. James H. Grove and Gertrude Grove Bland appealed from the judgment.

By the provisions of the trust agreement,. the income of the trust estate was directed to be paid to Gertrude Grove during her life. She died on June 21, 1928. Thereafter, the income was to be paid to eight annuitants in monthly stipulated amounts and to two charities in yearly stipulated amounts. The balance of the income was to be paid to Edwin W. Grove, Jr., son of Gertrude Grove, for life or until he reached the age of 50 years. It was provided in the trust agreement that should Edwin W. Grove, Jr., die before he reached the age of 50 years the estate should be divided in two parts. Edwin W. Grove, Jr., died on May 30, 1934, before he was 50 years old.

Article Sixth of the trust agreement, requiring a division of the trust estate into two parts, reads as follows:

"Sixth: If Grantor's said son, Edwin W.. Grove, Jr., shall not survive her, then on her death, or if her said son shall survive her and shall be at the time of her death fifty (50) or more years of age, then on her death, or if her son shall survive her and shall thereafter die before reaching the age of fifty (50) years, then on his death, or if

her said son shall survive her and shall thereafter live to be fifty (50) years of age, then on his arriving at the age of fifty (50) years, said Trustees shall divide said trust estate into two separate and distinct parts. Into the *first* part of said trust estate said Trustees shall set aside and place so much of said trust estate as may be needed to safely and continuously produce and pay all of the incomes, or annuities, provided for in paragraph 'Ninth' of this Trust Indenture. Into the *second* part of said trust estate said Trustees shall set aside and place all of the rest of said trust estate. Said Trustees shall continue to hold and manage each of said parts of said Trust Estate under the powers and authority herein granted and shall dispose of each of said parts of said trust estate and of the income therefrom as hereinafter provided."

In 1934, when the trustees were confronted with the duty of dividing the trust estate into two parts, the financial condition of the trust estate was very uncertain. Edwin W. Grove, the husband of Gertrude, died as above stated on January 27, 1927. Gertrude had renounced the provisions of the will of her husband and had chosen to take a one-third share of the estate. The husband's estate was not finally settled until 1940.

The trustees had been given custody of the property Gertrude Grove had received from her husband's estate subject to an agreement that any property needed to settle claims against the estate of Edwin W. Grove should be returned to satisfy such claims. However, in 1934, suits were pending against the estate of Edwin W. Grove in amounts exceeding the sum of $7,000,000. These suits and claims were not finally disposed of until the years 1937, 1938, 1939, and 1940. In the circumstances, the trustees wisely retained all of the assets to insure the payments of the annuities provided for in the trust agreement.

Not until all of the claims against the estate of Edwin W. Grove had been disposed of and that estate settled in 1940 were the trustees released from the agreement to return trust assets to the Edwin W. Grove estate. Up to that time, the trustees were not in a position to make a safe and intelligent division of the property of the trust estate as directed by the trust agreement.

The duties of the trustees as to part two of the trust were provided for in Article Eighth of the trust agreement. It reads as follows:

"Eighth: If Grantor's said son, Edwin W. Grove, Jr., shall not be living at the time of the said division of said trust estate, or, if living, shall not take said second part of said trust estate, as his absolute property, in accordance with the above provisions for him, then said second part of said trust estate shall be and remain a part of said trust estate, but shall thereafter be held, managed and disposed of by said Trustees for the benefit of the three children of the said Edwin W. Grove, Jr., who are now living,—Edwin W. Grove, III, James Henry Grove and Gertrude Matthewson Grove. Said Trustees shall pay the net income from said second part of said trust estate to said children, or expend the same for them, giving to each of them an equal share as nearly as practicable, until the said Gertrude Matthewson Grove, the youngest of said children, shall have arrived at the age of twenty-five (25) years, on January 31st, 1941, or, in case of her prior death, until January 31st, 1941, and on January 31st, 1941, said trust, as to said second part of said trust estate, shall cease and terminate and the principal or corpus of said second part of said trust estate and all undistributed income therefrom shall be distributed by said Trustees to said children, share and share alike. If either of said children shall have died before that date, without leaving a bodily heir then surviving, the share of such child shall go and be given to the other of said children. If either of said children shall have died before said date and shall have left bodily heirs, or a bodily heir, then surviving, then the said heirs or heir of

said deceased child shall take and receive the share of the parent. On said distribution this trust shall cease and terminate as to said second part of said trust estate."

(We note here that Gertrude Matthewson Grove, mentioned in Article Eighth, is the same person as Gertrude Grove Bland, one of the appellants.)

On January 2, 1941, the three children of Edwin W. Grove, Jr., and grandchildren of Gertrude Grove, wrote a letter to the trustees, which reads:

"Mr. W. V. Curran and
St. Louis Union Trust Co.,
Trustees under Conveyance of Trust of Gertrude Grove dated June 15, 1927
"Gentlemen:

"Under the terms of the above Indenture of Trust you are directed, after the death of Gertrude Grove and upon the death or arrival at fifty years of age of Edwin W. Grove, Jr., to divide said trust estate into two parts. The first part continues for the purpose of paying certain annuitants until the death of the last survivor of said annuitants, and the second part is to terminate upon the arrival of Gertrude Grove Bland at twenty-five years of age, which event will occur on January 31st, 1941.

"It is our understanding that due to the unusual character of the securities comprising this trust fund, none of which are certain to yield a regular and steady income and particularly the stock of the Grove Laboratories in which the amount of the dividends has varied greatly in the past, and the undivided interest in the royalties which might under certain conditions not be available, you have not made the division of the estate. We understand the desirability of paying these annuitants out of income rather than resorting to encroachment on the principal, and it is our desire that these annuitants be paid from income rather than from principal.

"Because of the uncertainty of the income we suggest that all of the assets be retained in the first part of this trust in order to assure the payment of the annuities from income and that no division or distribution be made on January 31, 1941.

"We also further request and direct that no division or distribution be made except upon the joint order of the undersigned or, in the event of the death of any of them, the survivors.

"WITNESSES:

"(Signed) MARGUERITE C. GROVE

"(Signed) A. S. BLAND, JR.

"(Signed) F. B. GROVE"

"(Signed) JAMES H. GROVE

"(Signed) EDWIN W. GROVE

"(Signed) GERTRUDE GROVE
                    BLAND

————◆————

Thereafter, the trustees continued to administer the trust as before, retaining all of the assets in part one of the trust.

It was stipulated that a number of the annuitants had through death decreased from year to year so that instead of requiring in excess of $20,000 per year, only $3800 was needed in 1960 to make these payments. The total value of the trust estate on September 8, 1960, as shown by Exhibit F of the stipulation of facts, was

$3,659,266 and the estimated annual income was $83,326.

On May 7, 1957, the three children of Edwin W. Grove, Jr., wrote a letter to the trustees, the body of which reads as follows:

"Please refer to the letter written to you by the undersigned on or about January 2, 1941.

"Since writing you that letter the commitments to annuitants under the first trust created by the Trust Agreement executed by Gertrude Grove on June 15, 1927, of which you are Trustees, have been reduced by death of several of the beneficiaries to less than $10,000.00 annually. Furthermore, the income realized by the trust estate from investments other than the stock of the Grove Laboratories, Inc., and the Royalty Contract held by Edwin W. Grove at his death, has for the last several years been sufficient to fully satisfy all annuity payments required to be made to the surviving beneficiaries. There is every reason to believe that such will be the case for as long as the first trust continues.

"Under Paragraph Sixth of the Trust Agreement the Trustees are required to set aside and place in the first trust only so much of the corpus of the trust estate as may be needed to safely and continuously produce and pay all of the incomes or annuities provided for in Paragraph Ninth of the Trust Agreement. Under these circumstances it is evident that the requirements of the Trust Agreement will be fully met by placing in the first trust all securities other than the stock of Grove Laboratories, Inc., and the Royalty Contract. The income to be expected from such securities is not subject to the fluctuations which have been experienced with reference to the other income-producing assets of the trust estate and will safely and amply assure the payment of the annuities to all remaining beneficiaries.

"We, therefore, request that you place in the first trust all such securities and that you distribute to the three children of Edwin W. Grove, Jr., pursuant to Paragraph Eighth of the Trust Agreement the common stock of the Grove Laboratories, Inc., and the Royalty Contract now held by you as Trustees of the trust estate.

"Very truly yours,
"(Signed)    James H. Grove
"(Signed)    Gertrude G. Bland
"(Signed)    Edwin W. Grove III"

After receiving the above letter, the trustees filed this suit on June 29, 1957, to determine the rights of the beneficiaries of the trust and the duties of the trustees.

It is agreed that all parties having any interest in the trust estate, present or future, were made parties to the suit, including all of the annuitants. The children of defendants James H. Grove, Edwin W. Grove III, and Gertrude Grove Bland, minors, individually and as representatives of the class to which they belong, were made defendants and Paul Brackman was appointed as Guardian Ad Litem for them.

The points of law were well briefed by all parties. The facts were stipulated. We commend the attorneys for confining their contentions to the vital questions of law governing the case.

It was and is the contention of plaintiffs-trustees and that of the parties represented by the Guardian Ad Litem that the trustees, on May 30, 1934, exercised their power by dividing the trust estate into two parts: that is, that the trustees retained all of the assets in part one of the trust and placed no assets in part two. Further, it is contended that having exercised that power, the trustees did not have and do not now have the authority to make any further division. The result would be that the trustees would retain all of the property until such time as all of the annuitants have passed away and then the trustees would distribute the assets of the estate to the three grandchildren of Gertrude Grove or their descendants.

It is the contention of the three grandchildren of Gertrude Grove, two of whom

have appealed from the judgment, that, absent any specific direction in the trust agreement, the trustees would be bound to turn over to these grandchildren, on the death of their father, all of the assets of the trust estate not required to secure the payments of the annuities. These parties urge further that even though the trustees exercised the power of dividing the estate in 1934, in the circumstances, it is the duty of the trustees to make a further division and retain only such of the estate as may be needed to pay the annuities, citing Griffen v. Keese, 187 N.Y. 454, 80 N.E. 367.

In the brief filed by the Guardian Ad Litem and in that of the trustees, the contention is made, as stated in the brief of the trustees, that "The trial court correctly ruled that the Trustees acted properly in retaining all of the assets in the first part of the Trust Estate on May 30, 1934," citing among other authorities the case of Bakewell v. Mercantile Trust Company, Mo., 319 S.W.2d 600, and Bank of Kansas City v. Hyde, Mo., 363 S.W.2d 647. We fully agree. Not only do we agree, but we say further that the trustees were justified in retaining all of the trust property and not placing any of the assets in part two of the trust estate until such time as the estate of Edwin W. Grove was settled and the assets of the trust estate were no longer subject to being recalled to pay claims of the Edwin W. Grove estate. This event occurred in 1940. The time was then near at hand when, under the directions of Article Eighth of the trust agreement, the trustees were to turn over the assets in part two of the trust to the grandchildren of Gertrude Grove. At that time, that is, 1941, these three grandchildren authorized the trustees, in writing, to retain all of the assets until such time as they jointly requested a distribution. The trustees did so retain all of the assets. On May 7, 1957, these grandchildren requested a distribution, informing the trustees to withhold sufficient assets to insure the payments of annuities.

It was stipulated that the trustees had at that time and now have in their possession assets in the trust estate of a value far in excess of what is needed to insure the annuity payments.

It is our opinion that the trustees have not performed the task of dividing the assets of the estate into two parts as directed by Article Sixth of the trust agreement which says, "said Trustees shall divide said trust estate into two separate and distinct parts." Looking at Webster's New International Dictionary, Second Edition, we find a number of definitions of the word "divide," such as "to sever into two or more parts or pieces," "to cause to be separate; to keep apart by a partition." But, why look to a dictionary for a meaning of the word "divide"? The trust agreement specifically states what the trustees shall do. Note the directions therein: "Into the *first* part of said trust estate said Trustees shall set aside and place so much of said trust estate as may be needed to safely and continuously produce and pay all of the incomes or annuities, * * *. Into the *second* part of said trust estate said Trustees shall set aside and place all of the rest of said trust estate." It is our opinion that the trustees have not carried out that plain mandate of the trust agreement.

We rule that the trustees were justified in not making such a division so long as the estate of Edwin W. Grove was not settled; that the trustees were justified in not making a division when authorized not to do so by the three beneficiaries of part two of the trust. However, in 1957, when the three grandchildren requested a division, the trustees should have honored that request. Instead, the trustees, for the purpose of having questions definitely settled, promptly filed this suit under the Declaratory Judgment Act, Chapter 527, V.A.M.S.

It is urged that the trust agreement directed the trustees to divide the estate on the death of Edwin W. Grove, Jr. We find nothing in the trust agreement specifying a time limit. A duty imposed, if not performed for a good reason, should be per-

formed when the cause for delay is removed. It seems clear that the maker of the trust agreement intended that the grandchildren, in case her son was not then living, should have all of the trust property not needed to pay annuities, when the youngest reached the age of 25 years, which occurred in 1941. In Article First of the trust agreement, granting the trustees certain powers, it is stated that they were "to take any and all steps which may be necessary or needful in carrying out the purpose of this trust."

What we have said renders unnecessary a consideration of other points briefed.

We rule that the trial court erred in holding that the trustees had exercised their power under Article Sixth of the trust agreement in 1934; further, that the trial court erred in holding that the trustees have not now the power to make a division of the estate as directed in Article Sixth of the agreement. In the prayer of the petition, plaintiffs-trustees asked that the court, if it should hold that they have the power to divide the estate, advise the trustees which assets should be held in part one of the estate and which assets should be transferred to part two. We rule that such a duty rests primarily upon the trustees where it was placed by the trust agreement. Furthermore, the trustees are in a better position to perform that task than the courts. We have no reason to believe that the task will not be faithfully performed by the trustees as required by the law governing the duty of trustees. 90 C.J.S. Trusts § 247d, p. 238. A sufficient amount of the assets should be retained by the trustees to insure the payments of the annuities. 90 C.J.S. Trusts § 356, p. 653. The balance is to be placed in part two of the estate and distributed in accordance with Article Eighth of the trust agreement.

The trial court may, if necessary, adjust and allow attorneys' fees as the circumstances require.

The judgment of the trial court should be, and it is, hereby reversed and the cause remanded with directions to the trial court to enter a decree and judgment in accordance with the views expressed in this opinion. It is so ordered.

All concur.